IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

EDWARD BETTENCOURT

       Plaintiff,

v.

UNITED PARCEL SERVICE INC.
       Defendant.

_____/

## NATURE OF ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to the Edward Bettencourt, who was terminated because of his age. As alleged with greater particularity below, statistical, documentary, and anecdotal evidence will establish that United Parcel Service Inc., have a policy of terminating employees over the age of 40 and close to full retirement from the company in violation of the ADEA.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1343 and 1345. This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. Employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff, Edward Bettencourt, is a resident of Martin County, Florida, over the age of 18 and at all times relevant was an employee defined under Section 7(d) of the ADEA, 29 U.S.C. § 626(b).

4. Defendant, United Parcel Services, Inc., ("UPS"), is a corporation organized under the laws of the State of Florida and has conducted business directly and through its subsidiaries in the State of Florida.

5. Defendant had continuously been doing business in the State of Florida and have continuously has at least 20 employees.

6. Defendant operates as an integrated enterprise or single employer by virtue of their common management, the interrelations of their operations, the centralized control over their labor relations, and their common ownership.

7. At all times relevant, Defendant has continuously been employers engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

## CONDITIONNS PRECEDENT

8. Plaintiff, Edward Bettencourt, initiated a proper complaint with the EEOC and on April 4, 2019, the EEOC issued and mailed a Right to Sue Letter to the Plaintiff. (Exhibit A.)  Plaintiff received the letter on April 8, 2019.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. Defendant is a package and delivery service company and has several locations in Florida.

11. Defendant services delivery items all across the World before 2019 to present.

12. Defendant has created a standard operating procedure to terminate employment of employees in the protected age group through Defendant's centralized policies of disciplinary actions.

13. Defendant main goal is to eliminate the protected class and prevent the payout of millions of dollars in accumulated pensions of these employees.

14. Defendant's practices disproportionally exclude individuals in the protected class from employment.

15. Plaintiff, Edward Bettencourt, had been an employee with the company for over 25 years with excellent work history.

16. Plaintiff is over the age of 40 and is a member of a protected class as defined by the ADEA.

17. On February 7, 2018 Plaintiff was terminated from the Defendant's employment for violation of a company policy.

18. After the termination, Plaintiff requested that his termination undergo the Defendant's EDR mediation process as Plaintiff felt the termination was unjust as younger employees had not been terminated for the same violation of this policy and other more serious policy violations.

19. Plaintiff successfully competed the Defendant's EDR mediation process and the decision of the mediation panel was for the Plaintiff, Edward Bettencourt, to be reinstated to his position.

20. Defendant did not accept the decision of its mediation panel as it usually does and upheld the termination of the Plaintiff.

21.     Plaintiff applied for and was awarded employment benefits as a result of his termination from the Defendant's employment.

22.     As a result of Defendant's decision to terminate the Plaintiff, Edward Bettencourt has suffered damages.

## STATEMENT OF CLAIMS

23.     As set forth in paragraphs fifteen (15) through twenty-two (22), from 2018 to present, Defendant has subjected Edward Bettencourt to an ongoing pattern or practice of discriminatory in termination of a person based on his age in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a).

24.     As set forth in paragraphs fifteen (15) through twenty-two (22), from 2018 to present, Defendant has intentionally discriminated against Edward Bettencourt who was terminated from his employment due to his age in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a).

25.     The unlawful employment practices complained of in paragraphs fifteen (15) through twenty-two (22) were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Edward Bettencourt respectfully requests that this Court:

a.  Grant a permanent injunction enjoining Defendant, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age;

b.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age or older, and which eradicate the effects of their past and present unlawful discrimination practices;

    c.       Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum of liquidated damages, and prejudgment interest to Edward Bettencourt as a result of the acts complained of above;

    d.       Oder Defendant to make the Plaintiff, Edward Bettencourt, whole as he was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful employment practices including bit not limited to instatement, reinstatement, provide front pay in lieu of reinstatement, or otherwise make whole as a result of Edward Bettencourt being terminated because of his age;

    e.       Order Defendant to provide training for supervisors and managers at all corporate levels, specific to the ADEA;

    f.       Grant such further relief as the Court deems necessary and proper in the public interest; and

    g.       Award Plaintiff's attorneys its fees and costs of this action.

## JURY TRIAL DEMAND

26. Plaintiff, Edward Bettencourt, requests a jury trial on all issues of fact raised by its complaint.

Dated: July 6, 2019

                                    Respectfully Submitted,

                                    **Law Offices of Gaines And Nolan**
                                    */s/ Arnold S. Gaines*_____
                                    Arnold S. Gaines, Esquire

Florida Bar No.: 0670928

2100 SE Hillmoor Drive, Suite 106  
Port St. Lucie, FL 34952  
(772) 200-4600 Telephone  
(772) 200-4575 Facsimile  
asg@asgaineslaw.com.  
asg@gainesnolan.com  
Counsel for the Plaintiff