UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  19-14229-CIV-MARTINEZ/MAYNARD

EDWARD BETTENCOURT,

       Plaintiff,

v.

UNITED PARCEL SERVICE INC.,

       Defendant.

_____/

**DEFENDANT UNITED PARCEL SERVICE, INC. (OHIO)'S
ANSWER & DEFENSES TO PLAINTIFF'S COMPLAINT**

## I.  ANSWER

Defendant United Parcel Service, Inc. (Ohio) (incorrectly captioned as "United Parcel Service, Inc.") ("UPS") answers the allegations in Plaintiff's Complaint below. The section titles and numbered paragraphs below correspond to those in Plaintiff's Complaint.[1]

### NATURE OF ACTION

The "Nature of Action" section of Plaintiff's Complaint contains one unnumbered prefatory paragraph. To the extent UPS is required to respond to this paragraph, it admits that Plaintiff purports to bring a claim under the Age Discrimination in Employment Act. UPS denies any liability for this claim, denies that Plaintiff is entitled to any recovery on this claim, and denies that any of its employment practices violate the ADEA, and denies any remaining allegations set forth in this Paragraph.

---

[1] Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, UPS generally denies all of Plaintiff's allegations except those specifically admitted herein or those for which UPS has specifically disclaimed sufficient knowledge to admit or deny. FED. R. CIV. P. 8(b)(3).

<u>JURISDICTION AND VENUE</u>

1.      UPS admits this Court has subject-matter jurisdiction over Plaintiff's claim alleged

in this lawsuit.

2.      UPS admits venue for this lawsuit is proper in the Southern District of Florida. UPS

denies committing any "unlawful" employment practices.

<u>PARTIES</u>

3.      UPS admits that Plaintiff was formerly a UPS employee and that he is over the age

of 18. UPS lacks sufficient information to admit or deny Plaintiff's residence-related allegations

and therefore denies any remaining allegations contained in Paragraph 3 of the Complaint.

4.      UPS admits that it conducts business in the State of Florida. UPS specifically denies

that it is a corporation organized under the laws of the State of Florida and denies any remaining

allegations set forth in Paragraph 4 of the Complaint.

5.      UPS admits that, presently and at the time it employed Bettencourt, it conducted

business in the State of Florida and had more than 20 employees in this state. To the extent there

are any other allegations set forth in Paragraph 5 of the Complaint, such allegations are denied.

6.      UPS denies the allegations set forth in Paragraph 6 of the Complaint .

7.      UPS admits that it is an "employer" within the meaning of the ADEA. UPS denies

any remaining allegations set forth in Paragraph 7 of the Complaint.

<u>CONDITIONS PRECEDENT</u>

8.      UPS admits Plaintiff filed a charge of discrimination with the EEOC, although UPS

denies that this constituted a "proper complaint."  UPS lacks sufficient information to admit or

deny the date on which Plaintiff received his right-to-sue notice from the EEOC; accordingly, that

allegation is denied. UPS denies any remaining allegations set forth in Paragraph 8 of the Complaint.

9.      UPS denies the allegations set forth in Paragraph 9 of the Complaint.

## STATEMENT OF FACTS

10.     UPS admits the allegations set forth in Paragraph 10 of the Complaint.

11.     UPS admits that it is an international package delivery and logistics company. UPS denies any remaining allegations set forth in Paragraph 11 of the Complaint.

12.     UPS denies the allegations set forth in Paragraph 12 of the Complaint.

13.     UPS denies the allegations set forth in Paragraph 13 of the Complaint.

14.     UPS denies the allegations set forth in Paragraph 14 of the Complaint.

15.     UPS admits that Bettencourt began his employment with UPS in approximately 1994. UPS denies any remaining allegations set forth in Paragraph 15 of the Complaint.

16.     UPS admits the allegations set forth in Paragraph 16 of the Complaint.

17.     UPS admits Plaintiff was terminated from employment for violations of company policy. UPS denies any remaining allegations set forth in Paragraph 17 of the Complaint.

18.     UPS admits that Plaintiff initiated the company's Employee Dispute Resolution ("EDR") process after his termination. UPS lacks sufficient information to admit or deny his reasons for doing so and therefore denies any remaining allegations contained in Paragraph 18 of the Complaint

19.     UPS admits that, as part of the EDR process, a "Peer Review" panel gave a non-binding recommendation of reinstatement. UPS denies that it was required to accept this recommendation and denies any remaining allegations set forth in Paragraph 19 of the Complaint.

20.     UPS admits that it did not accept the Peer Review panel's non-binding recommendation and upheld Bettencourt's termination. UPS denies any remaining allegations set forth in Paragraph 20 of the Complaint.

21.     UPS lacks sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint; accordingly, UPS denies such allegations.

22.     UPS denies the allegations set forth in Paragraph 22 of the Complaint.

## STATEMENT OF CLAIMS

23.     UPS denies the allegations set forth in Paragraph 23 of the Complaint.

24.     UPS denies the allegations set forth in Paragraph 24 of the Complaint.

25.     UPS denies the allegations set forth in Paragraph 25 of the Complaint.

## PRAYER FOR RELIEF

a.      UPS admits Plaintiff seeks injunctive relief but denies that either the facts or law entitle him to any such relief.

b.      UPS admits Plaintiff seeks injunctive relief but denies that either the facts or law entitle him to any such relief.

c.      UPS admits Plaintiff seeks back wages, liquidated damages, and interest but denies that either the facts or law entitle him to any such relief.

d.      UPS admits Plaintiff seeks reinstatement, front pay in lieu of reinstatement, and "make whole" relief but denies either the facts or law entitle him to any such relief.

e.      UPS admits Plaintiff seeks an injunction requiring UPS to provide ADEA training to its employees but denies either the facts or law entitle him to any such relief.

f.      UPS admits Plaintiff seeks unspecified "further relief" but denies either the facts or law entitle him to any such relief.

4

g.      UPS admits Plaintiff seeks his attorneys fees and costs but denies either the facts or law entitle him to any such relief.

### JURY TRIAL DEMANDED

26.      UPS admits Plaintiff seeks a jury trial.

### II.  DEFENSES AND OTHER MATTERS

1.      <u>Failure to State a Claim</u> – Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

2.      <u>Statute of Limitations</u> – Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations. Specifically, Plaintiff's claims are barred to the extent they concern any actions or decisions 1) made or communicated to Plaintiff more than 300 days prior to the filing of his charge of discrimination, or 2) made the subject of a charge of discrimination for which a right-to-sue letter was issued more than 90 days before Plaintiff filed his Complaint.

3.      <u>Administrative Exhaustion</u> – Plaintiff's claims are barred to the extent they concern acts, omissions, or decisions Plaintiff failed to exhaust in a predicate charge of discrimination filed with the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations.

4.      <u>Outside Scope of Employment</u> – If Plaintiff's rights were violated, which Defendant adamantly denies, any such conduct and/or violation was the result of individuals acting outside the scope of their employment with Defendant and without Defendant's consent. Defendant does not and did not authorize, condone, ratify, or tolerate any discrimination or retaliation. Defendant instead prohibits such conduct. Defendant, therefore, is not responsible for any such conduct through the principles of agency, vicarious liability, *respondeat superior*, or otherwise.

5.      <u>Legitimate, Non-Discriminatory Reasons</u> – Any actions of Defendant relating to

5

Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons, and at all times, Defendant acted in good faith. Defendant did not rely, consider, or condition any employment decision upon Plaintiff's age.

6.      <u>No Change in Employment Decision</u> – If a fact finder determines any reason proscribed by the ADEA was a motivating factor in any employment decision concerning Plaintiff, which Defendant adamantly denies, Defendant would nonetheless have made the same employment decision regardless of the alleged discriminatory or retaliatory animus.

7.      <u>Failure to Mitigate</u> – To the extent Plaintiff has suffered any damages and/or losses, which Defendant denies, Plaintiff has failed to exercise reasonable care and diligence to mitigate such damage or losses.

8.      <u>Offset of Damages</u> – To the extent Plaintiff has suffered any damages and/or losses, which Defendant denies, such damage or losses should be offset by any and all interim earnings, including but not limited to unemployment compensation and benefits Plaintiff earned from alternative or post-termination employment.

9.      <u>Comparative Negligence</u> – To the extent Plaintiff has suffered any damages and/or losses, which Defendant denies, such damages or losses, were as a result of Plaintiff's own conduct and/or omissions.

10.     <u>No Proximate Cause</u> – The claims advanced by Plaintiff are barred, in whole or in part, by the fact that Defendant's actions and/or omissions, if any, did not proximately cause Plaintiff's injuries or damages, if any.

11.     <u>No Willful Conduct</u> – Defendant did not willfully, intentionally, or recklessly disregard or deprive Plaintiff of any rights to which he may have been entitled. On the contrary, Defendant acted at all times with good faith and with a reasonable belief it had not violated any

statute with regard to Plaintiff. As a result, Plaintiff is not entitled to liquidated damages.

12.    Job-Related Necessity – Any employment decisions made by Defendant regarding Plaintiff were job-related, consistent with business necessity, and not intentionally made or imposed to contravene the prohibitions of federal laws or regulations.

13.    Good Faith Reliance – To the extent Plaintiff's claims rest upon any actions of Defendant taken in good faith reliance on the constructions, interpretations, and applications of the ADEA by the appropriate administrative agencies, regulatory agencies, and/or courts empowered and/or authorized by Congress to make such constructions, interpretations, and applications, such claims are barred in whole or in part.

14.    Damage Limitations – To the extent Plaintiff has suffered any damages or losses, such damages or losses are subject to any and all applicable limitations and constraints on damages.

15.    Limited to Statutory Remedies – The ADEA contains statutory schemes for which Congress has specified the limited remedial relief, if any, available to a prevailing plaintiff. To the extent Plaintiff seeks remedies beyond the scope of these statutory schemes, such claims and remedies are improper and should be dismissed. Specifically, Plaintiff cannot recover for any alleged exemplary damages or any compensatory damages beyond lost wages and benefits.

16.    Attorneys' Fees – Plaintiff fails to state a claim upon which attorneys' fees and costs can be awarded.

17.    Equitable & Other Defenses – Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, judicial estoppel, collateral estoppel, res judicata, *in pari delicto*, and unclean hands.

18.    After-Acquired Evidence Doctrine – The relief sought by Plaintiff may be barred, in whole or in part, by the after-acquired evidence doctrine.

19.     <u>Reasonable Factor Other Than Age</u> – Any practices or policies of which Plaintiff complains were reasonably designed and administered to achieve a legitimate business goal and based on objective, reasonable factors other than age.

Defendant reserves the right to amend its pleadings, pursuant to the rules of the Court, to assert additional defenses that may become apparent during the course of this lawsuit, including affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

### III.     ATTORNEYS' FEES, COSTS, AND EXPENSES

As a result of the allegations and claims advanced by Plaintiff in his Complaint, UPS has had to retain legal counsel to represent it in this action. Accordingly, UPS is entitled to recover, to the extent permitted by law, all reasonable attorneys' fees, costs, and/or expenses it incurs in the defense of these proceedings pursuant to the applicable statutes, the Federal Rules of Civil Procedure, and the inherent power of this Court.

### IV.     PRAYER FOR RELIEF

Defendant United Parcel Service, Inc. (Ohio) prays that, upon final hearing of this cause, the Court dismisses this lawsuit in its entirety and orders Plaintiff to take nothing by reason of this action. In addition, Defendant prays that it be awarded attorney's fees, costs, and any other relief to which it may be entitled.

Respectfully submitted,

s/Brian L. Lerner
Brian L. Lerner (Fla. Bar No. 177202)
blerner@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue, Suite 2001
Fort Lauderdale, Florida 33394
Telephone:  (954) 527-1115
Facsimile:   (954) 527-1116

and

s/Justin Barbour
Justin Barbour (*pro hac vice to be filed*)
Texas State Bar No. 24055142
Dylan A. Farmer (*pro hac vice to be filed*)
Texas State Bar No. 24093417
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
PH:  (210) 447-8033
FX:  (210) 447-8036

**ATTORNEYS FOR DEFENDANT
UNITED PARCEL SERVICE, INC. (OHIO)**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

/s/Brian L. Lerner

### SERVICE LIST

Brian L. Lerner
blerner@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue, Suite 2001
Fort Lauderdale, Florida 33394
Telephone:     (954) 527-1115
Facsimile:     (954) 527-1116

And

Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Telephone:     (210) 447-8033
Facsimile:     (210) 447-8036
**Attorneys for Defendants**

Via E-mail

Arnold S. Gaines
asg@asgaineslaw.com
asg@gainesnolan.om
Florida Bar No. 0670928
Law Offices of Gains and Nolan
2100 SE Hillmoor Drive, Suite 106
Port St. Lucie, FL 34952
Telephone:     (772) 200-4600
Facsimile:     (772) 200-4575
**Attorneys for Plaintiff**

Via Transmission of Notices of Electronic Filing
Generated by CM/ECF