UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14229-CIV-MARTINEZ/MAYNARD

EDWARD BETTENCOURT,

    Plaintiff,

v.

UNITED PARCEL SERVICE INC,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS MATTER** comes before the Court upon the Rule 12(c) Motion for Judgment on the Pleadings ("Motion") filed by Defendant, United Parcel Service, Inc. ("UPS") (DE 20). The Court has reviewed the Motion, response and reply thereto, and is otherwise fully advised. For the following reasons, the Motion (DE 20) is **GRANTED**.

**I.  Complaint**

Plaintiff, Edward Bettencourt filed a single-count Complaint pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), alleging age discrimination against UPS following his termination after 25 years of employment in various roles for the company. Bettencourt alleges he is 40 old and had an "excellent work history" prior to his termination (DE 1 ¶¶15-16).

The date of Bettencourt's termination is February 7, 2018. (*Id.* ¶ 17). Bettencourt alleges that his termination resulted from a "violation of a company policy" (*id.*), but suggests elsewhere in his Complaint that the termination was pretextual. In this connection, Bettencourt alleges that "Defendant has created a standard operating procedure to terminate employment of employees in

1

the protected age group through Defendant's centralized policies of disciplinary actions" with a "main goal" of "prevent[ing] the payout of millions of dollars in accumulated pensions of these employees." (*Id.* ¶¶ 12-13).

Bettencourt admits that he filed his Charge of Discrimination with the EEOC on December 29, 2018. (DE 25: 3-4; *see also* DE 20-1). Thereafter, the EEOC mailed him a Dismissal and Notice of Rights on April 4, 2019. (DE 25-1). Bettencourt commenced this action on July 6, 2019. This Motion followed and is now ripe for adjudication.

## II. Legal Standard

"The standards for reviewing decisions on motions to dismiss and motions for judgment on the pleadings are the same: 'whether the count stated a claim for relief.'" *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018) (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002)). In doing so, the Court "must accept all facts in the complaint as true and view those facts in the light most favorable to the plaintiff." *Id.* "Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)).

Although the Court is generally limited to the pleadings themselves in evaluating a motion for judgment on the pleadings (as the name implies), a court may also consider a document incorporated by reference into the complaint where (1) it is central to the plaintiff's claim, (2) its contents were alleged in the complaint, and (3) no party questions those contents. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, all three factors are met with respect to the EEOC charge (DE 20-1), so the Court will consider it.

**III. Analysis**

UPS's argument is a simple one: Bettencourt's ADEA claim should be dismissed because he failed to exhaust administrative remedies by filing a charge of discrimination with the EEOC within 300 days after the alleged unlawful practice occurred, as required by law. *See* 29 U.S.C. § 626(d)(1)(B).

Indeed, as the undisputed materials before the Court make clear, Bettencourt was terminated on February 7, 2018 but did not file his charge of discrimination with the EEOC until December 29, 2018, more than 300 days later. Because February 7, 2018, the date of Bettencourt's termination, is both the "earliest" and "latest" date of the discriminatory conduct Bettencourt alleged in his EEOC charge, this event forms the totality of Bettencourt's claim. UPS argues that Bettencourt must be bound by this date, rendering his EEOC charge untimely.

Bettencourt counters that the discrimination against him was continuous and even persists until the present day. In particular, Bettencourt alleges that "discrimination was continued by the Defendant at least until July 19, 2018, when he was awarded reinstatement by the EDR program but was denied employment by the Defendant due to his age." (DE 25: 4). In essence, Bettencourt perceives the failure of UPS to rehire him as a discrete act of discrimination which had the effect of tolling or renewing his filing deadline, rendering his EEOC charge timely. Bettencourt further argues that the Dismissal and Notice of Rights letter from the EEOC implicitly establishes the timeliness of his charge by failing to list untimeliness as a ground for dismissal.

Bettencourt's arguments are unconvincing for various reasons. First, binding case law is clear that participation in a post-termination appeals process does not toll the administrative exhaustion deadline or otherwise excuse non-compliance with that deadline. *See Delaware State*

*Coll. v. Ricks*, 449 U.S. 250, 261 (1980) ("The grievance procedure, by its nature, is a remedy for a prior decision, not an opportunity to influence that decision before it is made."). Consequently, "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the [non-discrimination law] limitations periods." *Id.* (citing *Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229 (1976)); *see also Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir. 1985) ("[A] failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act.").

Second, even if the Court were inclined to consider the EDR process as a discrete act of discrimination, Bettencourt would have failed to exhaust his administrative remedies with respect to that act as well by failing to include the issue in his EEOC charge. *See Thomas v. Miami Dade Public Health Trust*, 369 Fed. Appx. 19, 22-23 (11th Cir. 2010). Because Bettencourt failed to exhaust any claims based on alleged discrimination suffered during the EDR process, he is now precluded from raising those claims in this lawsuit.

Finally, Bettencourt's reliance on the right-to-sue letter issued by the EEOC to establish timeliness is similarly misplaced. Bettencourt contends that, because the EEOC did not indicate in its letter that his charge was untimely, UPS is somehow precluded from challenging its timeliness here. Not so. The EEOC did not make any express findings as to the timeliness of Bettencourt's charge. And even if it did, it would not be controlling on the Court. "The district court is not required to defer or make reference to the EEOC determination, as it has to conduct a *de novo* review of the claims." *Young v. FedEx Exp.*, 432 Fed. Appx. 915, 917 (11th Cir. 2011) (citing *Moore v. Devine*, 767 F.2d 1541, 1550–51 (11th Cir. 1985), *modified on reh'g*, 780 F.2d 1559, 1560 (11th Cir. 1986)).

Applying these standards, the Court concludes that Bettencourt's claims are untimely and unexhausted. Accordingly, UPS is entitled to a judgment as a matter of law. *See, e.g., Fortson v. Carlson*, 618 Fed. Appx. 601, 605 (11th Cir. 2015).

**IV.   Conclusion**

Based on the foregoing, it is **ORDERED and ADJUDGED** that UPS's Motion for Rule 12(c) Judgement on the Pleadings (DE 20) is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE**. The Clerk shall mark this case **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14 day of February 2020.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:

U.S. Magistrate Judge Maynard

All Counsel of Record